IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
    v. ) Criminal No. 05-315
)
JOHN MILLER )

## DEFENDANT JOHN MILLER'S MOTION TO
## SUPPRESS EVIDENCE AND STATEMENTS
## <u>WITH CITATION OF AUTHORITIES</u>

AND NOW comes the defendant, John Miller, by his attorney, Linda E. J. Cohn, Assistant Federal Public Defender, and respectfully files this Motion to Suppress Evidence and Statements with Citation of Authorities. In support thereof counsel states:

### INTRODUCTION

1. The defendant, John Miller, was arraigned on an Indictment alleging violations of Title 18, U.S.C. §§ 2422(b) and 1870.

2. The charges in this case stem from allegations made by a fifteen year old female, her mother, and her grandmother.

3. According to the search warrant application, the aforementioned individuals met with Lawrence County Police

officials concerning the female's relationship with Mr. Miller after the female's mother found pictures of male genitalia in her daughter's bedroom.  The female claimed that the pictures were sent by Mr. Miller, a man she said that she had met online.  She also told the police that she often spoke with Mr. Miller over the telephone and that the two of them spoke about sex.  The female stated that Mr. Miller lived in New Castle, and that she had a key to his apartment. She told the police that she met Mr. Miller at the library and accompanied him to his apartment.  Once there, she said that Mr. Miller wanted her to watch a dirty movie with him, she also told the police that Mr. Miller told her that he went to an adult store and purchased several dirty movies so they could watch them together.  She also told the police that he wanted to have sex, but that she did not want to. She did, however, claim to have hugged and kissed Mr. Miller on the mouth while they were in the apartment.  The affidavit further states that Mr. Miller called the female while the police were talking to her mother, and, according to the female, Mr. Miller told her to destroy the pictures and correspondence he sent to her so that he wouldn't get into trouble.

4.  The search warrant in this case authorized a seizure of the following items:

> Any and all but not limited to pornographic videos, adult movies and or related videos, DVDs, pornographic magazines, pornographic books and Media. Any and all but not limited to sex toys, sex devices and sexually related items. Any and all letters, documents, records, scripts, maps, diaries, drawings, cards, pictures, audiotapes, gifts, items and or material related to the relationship between the victim, victims friends and or victims family. Photographs and or pictures of the interior of 307 Highland Avenue, Apartment #3, New Castle, PA 16101.

5.  The Shenango Township Police Department executed the search of Mr. Miller's residence and seized the following items:

Two digital audio CD-R compact discs

a 35 millimeter camera with film

five adult movies

a set of handcuffs

a purple California novelty toy

a used condom

eleven unused condoms

$19.47 in United States currency

3

6. On October 15, 2004, Mr. Miller made a statement to the Shenango Township Police Department.

**ARGUMENT**

A. <u>The Evidence Seized from Mr. Miller's Residence Should Be Suppressed</u>

7. The Fourth Amendment provides that "no Warrants shall issue, but upon probable cause, supported by Oath affirmation, and particularly describing the place to be searched and the persons or things to be seized." U.S. Const. amend. IV. Warrants, therefore, must state, with particularity, the place to be searched and the person or things to be seized. <u>Coolidge v. New Hampshire</u>, 403 U.S. 443 (1971).

8. In this case, the search warrant allowed for the search and seizure of "Any and all but not limited to pornographic videos, adult movies and or related videos, DVDs, pornographic magazines, pornographic books and Media. Any and all but not limited to sex toys, sex devices and sexually related items." The language of this authorization states that it is not limited and, therefore, authorizes an

4

unlimited search. Thus, Mr. Miller challenges the search warrant's authorization to search and seize "[a]ny and all but not limited to [media and sexual items]" This language is vague, overbroad, and, therefore, violates the particularity requirement. As a result of this language, the police seized two digital audio compact discs, a camera, five adult movies, handcuffs, a novelty toy, condoms, and money even though most, if not all, of these items could not have been considered contraband or evidence from even the broadest reading of the search warrant application. Indeed, given that the warrant stated that it was not limited to the items set forth therein, it literally permitted the seizure of anything in the apartment. Because the warrant lacked particularity, it was invalid and the evidence must be suppressed.

9. The warrant also lacked particularity with respect to the phrase "[a]ny and all but not limited to . . . sex toys, sex devices and sexually related items."

10. The warrant in this case, insofar as it sought "any and all but not limited to [media and sexual material]," and "[a]ny and all but not limited to . . . sex toys, sex devices

5

and sexually related items" was overbroad.  As such, it violated the Fourth Amendment's particularity requirement and the evidence seized pursuant to those portions of the warrant should be suppressed.  See United States v. Christine, 687 F.2d 749, 752-59 (3d Cir. 1982) (despite warrant's overbroad terms, lower court has discretion to admit evidence seized pursuant to sufficiently particular portions of the warrant).

11.  Mr. Miller also argues that the warrant was invalid with respect to the section authorizing a search and seizure of "[a]ny and all but not limited to . . . sex toys, sex devices and sexually related items" because this portion of the warrant was not supported by probable cause.  A warrant must be supported by probable cause. See Illinois v. Gates, 462 U.S. 213 (1983); Warden, Md. Penitentiary v. Hayden, 387 U.S 294, 397 (1967) ("There must, of course, be a nexus . . . between the item to be seized and criminal behavior.")  As the Supreme Court explained in Illinois v. Gates:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . ., there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . .conclud[ing]" that probable cause existed.

6

Illinois v. Gates, 462 U.S. at 238-39 (quotations and citations omitted).

12. In this case, the Affidavit for the search warrant contains no support for seizing these personal items. Such items are neither contraband nor evidence of a crime. Thus, the search warrant's authorization for the seizure of "[a]ny and all but not limited to . . . sex toys, sex devices and sexually related items" lacks probable cause because there was no basis for the magistrate to believe that any possible items seized pursuant to this phrase either would exist or would constitute contraband, fruits of a crime, or evidence of a crime. Further, there is absolutely no nexus between these items and the information set forth in the search warrant.

13. Mr. Miller recognizes that United States v. Leon, 468 U.S. 897 (1984), holds that the police ordinarily may rely on a search warrant to insulate their searches from minor Fourth Amendment violations. The Supreme Court reasoned that when an officer relies in good faith on a neutral magistrate's judgment that probable cause justified the issuance of a search warrant, excluding evidence acquired pursuant to the

7

warrant does not further the deterrent function of the exclusionary rule. Id., 468 U.S. at 920-21.

14. However, the Court also made it clear that there were a number of situations in which police reliance on a warrant is not objectively reasonable, id., 468 U.S. at 923. These situations were described as (1) when the magistrate abandoned his judicial role and failed to perform in a neutral and detached manner, (2) when the warrant was based on an affidavit "so lacking in indicia of probable cause as to render official belief it its existence entirely unreasonable," (3) when the warrant was so facially deficient that an officer could not reasonably have believed it to be valid, and (4) when the magistrate issued the warrant in reliance on deliberately or recklessly false material averments in the affidavit, id. At least two of these situations are present in this case.

15. Mr. Miller also moves to suppress the camera with film, the audio compact discs, the handcuffs, and the money. The search warrant did not authorize the search and seizure of these items. Thus, their search and seizure was beyond the scope of the warrant. Because they do not fit within any

8

exception to the warrant requirement, Mr. Miller's Fourth Amendment right to be free from warrantless searches and seizures was violated with respect to the seizure of these items.

16. Further, any evidence derived from the aforementioned unlawfully obtained evidence should also be suppressed because it would be fruit of the initial unlawful search and seizure. See Brown v. Illinois, 422 U.S. 590 (1975); Wong Sun v. United States, 371 U.S. 471 (1963).

B. Mr. Miller's Statements Should Be Suppressed

"[T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." Miranda v. Arizona, 384 U.S. 436, 444 (1966).

For the government to introduce any such statements of the defendant, it must prove that such statements were made after the defendant was informed of his right to remain silent, that anything he says can and will be used against him, that he has the right to consult with an attorney and to

9

have his attorney present during the interrogation and that an attorney will be appointed if he cannot afford one. Id. at 467-73.

Mr. Miller asserts that the government cannot meet this burden in the present case and requests that an evidentiary hearing be held to resolve this issue.

WHEREFORE, your defendant, John Miller, respectfully requests that an evidentiary hearing be held on his motion to suppress evidence and statements, and, upon its completion, that his motion to suppress be granted.

>Respectfully submitted,
>
>**S/Linda E.J. Cohn**
>Linda E. J. Cohn
>Assistant Federal Public Defender